**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FIRAS MIKHA,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAM; SERVCO
SOLUTIONS, LLC,

Respondents.

No. 15-71427

BRB No. 14-0325

MEMORANDUM [*]

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted February 10, 2017
Pasadena, California

Before: SCHROEDER and MURGUIA, Circuit Judges, and GLEASON,[**] District
Judge.

Petitioner Firas Mikha sought workers' compensation for serious injuries he

sustained from an improvised explosive device when he was driving a truck in Iraq

in 2005. In his claim to the Office of Workers' Compensation Programs (OWCP),

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

Mikha named his employer in Iraq in 2005 as Theodor Wille Intertrade, GmbH (TWI), a Swiss corporation that did business in Iraq as Servco Solutions, LLC (Servco). TWI/Servco disputed Mikha's claim and the administrative law judge (ALJ) denied Mikha's claim, concluding Mikha could not show an employer-employee relationship with TWI/Servco. The Benefits Review Board (BRB) affirmed. "We review BRB decisions for errors of law and for adherence to the substantial evidence standard, which governs the Board's review of an ALJ's factual determinations." *Kalama Servs., Inc. v. Dir., Office of Workers' Comp. Programs*, 354 F.3d 1085, 1090 (9th Cir. 2004). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Conahan v. Sebelius*, 659 F.3d 1246, 1249 (9th Cir. 2011) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Where the ALJ relies on witness credibility in reaching his [or her] decision, our court will interfere only where the credibility determinations conflict with the clear preponderance of the evidence, or where the determinations are inherently incredible or patently unreasonable." *Hawaii Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 648 (9th Cir. 2010) (internal quotation marks omitted). We affirm.

1. Mikha petitions from an agency decision, and there is no jurisdictional finding to review. Nonetheless, the panel has "an independent obligation to determine whether subject-matter jurisdiction exists" and jurisdiction is not

2

assumed. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

In this circuit, petitions from the BRB for Defense Base Act cases are brought directly to the federal courts of appeals. *See Pearce v. Dir., Office of Workers' Comp. Programs, U. S. Dep't of Labor*, 603 F.2d 763, 770 (9th Cir. 1979). Language in *Pearce* also suggests that if a hearing takes place the reviewing court should be in the circuit wherein is located the ALJ who decided the claimant's case. *Id.* at 770–71. In this case, there was no hearing. Because there was no hearing, jurisdiction should follow the location of the district director for the OWCP office where Mikha brought his claim, who is located in Long Beach, California, within the Ninth Circuit. *See* 42 U.S.C. § 1653(b); 20 C.F.R. § 702.105. We conclude that the Ninth Circuit has jurisdiction to hear Mikha's petition from the BRB, and retain jurisdiction over Mikha's petition rather than transferring the case.

2. For Mikha to proceed with a claim against TWI/Servco, there must have been an employer-employee relationship between him and TWI/Servco at the time of his injury. *See* 42 U.S.C. § 1651; *see also* 33 U.S.C. § 902(2)–(4). As the claimant, Mikha bears the burden of persuasion, and the initial burden to establish a "prima facie case supported by credible and credited evidence[.]" *Dir., Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries*, 512 U.S. 267, 279–80 (1994) (internal quotation marks omitted). Mikha's theory is that he was in

an employer-employee relationship with TWI/Servco because he was working for the benefit of Servco through a Servco subcontractor, likely a company named Big Apple. Critical to Mikha's theory is that he was working under the control of Eddie Nagel, an employee of a TWI subsidiary. Mikha's evidence to support this fact was his own testimony, a declaration from his friend, Wathek Sami, and a letter of recommendation written on his behalf by Nagel. The ALJ discounted Mikha's testimony, gave no weight to Sami's declaration, and credited Nagel's explanation that Nagel wrote the letter but did not supervise Mikha. We uphold the ALJ's credibility findings because they are not clearly in conflict with the record, incredible, or unreasonable. *See Hawaii Stevedores, Inc.*, 608 F.3d at 648. Mikha has hardly any probative, credible evidence in support of the position that he was working under Nagel's control. Substantial evidence supports the ALJ's finding that Mikha was not an employee of TWI/Servco.

**PETITION DENIED**.